IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EXTREME REACH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-mc-0002 |
| | ) | |
| v. | ) | Pending in the |
| | ) | United States District Court |
| GRACE HILL MEDIA, | ) | for the District of Massachusetts |
| | ) | Civil Action No. 1:14-cv-14725-IT |
| Defendant. | ) | |

## **O R D E R**

Pending before the Court is the Non-Party COP Tennessee, LLC's Motion to Modify or Quash Subpoena (Docket No. 1).[1] Because the motion fails to comply with Local Rules 7.01 and 37.01, the motion, as presented, is DENIED. Local Rule 7.01 requires that

> [e]very motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities, and where allegations of fact are relied upon, affidavits or depositions in support thereof. The memorandum of law shall contain at the outset a short and concise statement of the factual and legal issues which justify the relief sought.

Local Rule 7.01(a). Although COP Tennessee, LLC ("COP TN") recites in the caption of its motion that it is a memorandum of law, the actual filing does not include any authority supporting the relief sought. Additionally, COP TN asserts various facts as the basis for the relief requested, but provides no supporting affidavits. One example (but not the sole example) is COP TN's allegation that "[t]he cost of complying with the request would be substantial and would create a financial burden on COP TN." (Docket No. 1, p. 6, ¶ 6). There is no accompanying affidavit

---

[1] This motion was referred to the Magistrate Judge by District Judge Campbell by order entered February 18, 2016 (Docket No. 2).

providing any details of the likely cost of compliance or otherwise demonstrating a financial burden.[2]

> Local Rule 37.01 provides that
>
> > [c]ounsel for a party moving to compel discovery, **quash a subpoena**, or for a protective order, shall file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so. **No such motion shall be considered by the Court absent compliance with this Rule.**

Local Rule 37.01(b)(3) (emphasis added). COP TN's motion was not accompanied by the requisite certification. Furthermore, based on the statement in the motion that "COP TN's counsel is prepared to meet with defendants' [sic] counsel to discuss the *subpoena duces tecum*, these objections and possible protective orders," it does not appear that any effort was made to resolve the issues raised prior to filing the motion. (Docket No. 1, p. 6, ¶ 7).

Based on the foregoing, Non-Party COP Tennessee, LLC's Motion to Modify or Quash Subpoena is DENIED without prejudice for COP TN[3] to renew its motion in compliance with applicable local rules.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] In fact, the factual statements in the motion itself are broad and general, and provide no details of the specific facts supporting the requested relief.

[3] The Court also notes that the prayer for relief is made not by COP TN, but by an entity referred to as "nonparty Identical Production Company, LLC" (Docket No. 1, p. 6). It appears from Schedule A to the subpoena *duces tecum* that Identical Production Company, LLC may somehow be involved in the underlying dispute (Docket No. 1, pp. 13-140).

2